UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Doniell Duncan,                  Case No. 3:24-cv-152

        Plaintiff,

       v.                                MEMORANDUM OPINION
                                               AND ORDER

Lourdes University, *et al.*,

        Defendants.

## I.      BACKGROUND

This *pro se* case is the latest installment of Plaintiff's continuing litigation against Lourdes University. Plaintiff filed her first case, *Duncan v. Lourdes University*, Case No. 3:20-cv-2665 (N.D. Ohio), an employment discrimination case, on November 30, 2020. That case was assigned to United States District Judge James G. Carr. While that case was pending, Plaintiff filed her second case, *Duncan v. Kuhr*, Case No. 3:23-cv-327 (N.D. Ohio), on February 21, 2023, claiming Brittanie Kuhr, a witness in the first case, lied to the Court when she informed Judge Carr that Plaintiff served a subpoena in a threatening manner. Judge Carr dismissed the second case on May 16, 2023, for lack of subject matter jurisdiction and Plaintiff filed an appeal of that decision to the United States Court of Appeals for the Sixth Circuit on May 15, 2023. Judge Carr dismissed the first case on the merits on September 14, 2023. Plaintiff appealed that decision to the Sixth Circuit on October 13, 2023. Both appeals are still pending in the Sixth Circuit.

Plaintiff filed motions to alter or amend judgment under Rule 59(e) in both cases. Judge Carr denied both Motions. Plaintiff continued to file post judgment motions in both cases. Judge

Carr notified her that the district court loses jurisdiction over an action once a party files a notice of appeal. He added:

> Pending the resolution of that appeal and issuance of the mandate, Plaintiff shall file no further pleadings or papers in this Court. Her Notice of Appeal removes my jurisdiction and vests it in the Sixth Circuit, thus barring my further adjudication of the merits of this case. *See Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Nat. Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995) ("It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal.").
>
> **I caution Plaintiff that if she disregards this instruction, I will consider sanctions as appropriate under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and my inherent power to control the conduct of litigants appearing before me.**

*Duncan v. Lourdes University*, Case No. 3:20-cv-2665 (N.D. Ohio) (Doc. No. 63 at 2-3) (emphasis in original).

Plaintiff did not heed that warning and continued to file post judgment Motions in her first case. Judge Carr then "expressly bar[red] her from further filings that are in any way related to this case." Case No. 3:20-cv-2665 (N.D. Ohio) (Doc. No. 78 at 2). He advised her that "[f]ailure to comply with this request may lead to the imposition of sanctions for contempt of court" and instructed that "[t]he Clerk shall accept no further filings of any sort until such time as the Sixth Circuit Court of Appeals remands Plaintiff's case if such occurs." *Id.* (Doc. No. 78 at 2).

Undeterred, Plaintiff filed additional post-judgment motions including a motion to vacate and a second motion for reconsideration, in her second case, *Duncan v. Kuhr*, No. 3:23-cv-327 (N.D. Ohio) (Doc. No. 15). Judge Carr again declared Plaintiff to be a vexatious litigant and once again enjoined her "from filing anything further in this Court while her appeal is pending." *Duncan v. Kuhr*, No. 3:23-cv-327 (N.D. Ohio) (Doc. No. 16 at 1). He added:

> Plaintiff is repeating her vexatious conduct here. And I incorporate my finding from the Lourdes University case and apply it herein.
>
> From the outset, Plaintiff has caused havoc in this Court through her vexatious and meritless conduct. I recognize that *pro se* litigants like Plaintiff do not have the level of training and knowledge of lawyers. I am thus required to construe their filings

and claims liberally. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

But this is not a free pass to "clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). The Sixth Circuit recognizes that "[a] district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Fin.*, 229 F.3d 1154 (6th Cir. 2000). I do so here.

I impose upon Plaintiff in this case the same restrictions as I imposed in *Duncan v. Lourdes University*, No. 3:20-CV-2665-JGC. Plaintiff shall file nothing further in this Court unless and until the Sixth Circuit remands the case, returning my jurisdiction.

*Duncan v. Kuhr*, No. 3:23 CV 327 (N.D. Ohio) (Doc. No. 16 at 3-4).

Plaintiff was not discouraged by this added restriction. In an attempt to circumvent Judge Carr's enjoining Orders, Plaintiff has now filed this case seeking relief from the judgments in her previous two cases under Rule 60(d). She claims that Rule 60(d)(1) allows her to bring an independent action to obtain relief from the judgments in the previous two cases. (Doc. No. 1 at 5-6). She once again claims that Kuhr lied to Judge Carr when she reported that Plaintiff had served a subpoena in a threatening manner. She contends this constitutes fraud on the Court which justifies granting relief from both judgments under Rule 60(d)(3). She asks me to vacate and reverse the rulings and judgments issued in *Duncan v. Lourdes University*, No. 3:20-cv-2665 and *Duncan v. Kuhr*, No. 3:23-cv-327, and award her monetary damages.

## II. STANDARD

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid

3

of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 480. *See also Neitzke v. Williams*, 490 U.S. 319 (1989) and *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

### III. ANALYSIS

This case is entirely frivolous, devoid of merit, and no longer open to discussion. As Judge Carr advised Plaintiff several times, the district court lacks jurisdiction to grant relief from judgment in cases that are pending before the Sixth Circuit Court of Appeals. The filing of the notice of appeal divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal. *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Nat. Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995).

That principle applies equally to actions filed under Rule 60(d). As long as the appeals in those cases are pending, I cannot consider an attack on the judgments in Duncan's two other cases, regardless of the procedural mechanism she attempts to invoke.

Furthermore, Rule 60(d) is not applicable in this case. It provides:

This rule does not limit a Court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

This subsection must be read in conjunction with the entirety of Rule 60, which provides for "Relief from a Judgment or Order" by motion (part (b)) or by independent action (part (d)). Rule

60(b) is "generally a party's exclusive avenue when seeking relief from a final judgment or order." *Marcelli v. Walker*, 313 F. App'x 839, 842 (6th Cir. 2009) (citing *United States v. Beggerly*, 524 U.S. 38, 46 (1998)). A party seeking relief from judgment on the basis of fraud under Rule 60(b)(3), however, is subject to a one-year statute of limitations contained in Rule 60(c)(1). The only escape from the one-year bar for fraud-based motions for relief from judgment is found in Rule 60(d), which allows litigants to bring an independent action challenging the validity of the judgment at any time. *Id.* Part (d) is commonly referred to as Rule 60's "savings clause."

Plaintiff asserts this is an independent action pursuant to Rule 60(d); however, this is not entirely accurate. Rule 60(d) merely provides, in relevant part that "[t]his rule [i.e., Rule 60] does not limit the power of a court to entertain an independent action to relieve a party from a judgment, ... or to set aside a judgment for fraud upon the court." The reference to "independent action" in the saving clause is simply as an independent action in equity to obtain relief from a judgment. *Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1262-63 (6th Cir. 1987). "Where the adverse party is not prejudiced[,] an independent action for relief may be treated as a 60(b) Motion, and conversely, a 60(b) Motion may be treated as the institution of an independent action." *Mitchell v. Rees*, 651 F.3d 593, 594-95 (6th Cir. 2011) (citing *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 81 n.7 (5th Cir. 1970).

Rule 60 does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial complaint. *See Abdur'Rahman v. Bell*, 392 F.3d 174, 179-80 (6th Cir. 2004) (overruled on other grounds). It does not afford a defeated litigant a second chance to convince the court to rule in his or her favor by restating arguments that were presented and rejected by the court or by presenting new explanations, new legal theories, or proof that was not provided prior to judgment. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Simply stated, an independent action under Rule 60(d)(1) is not a

5

procedural tool to avoid the bar of *res judicata* or to take a second bite at the apple when the court rejects a litigant's motion under Rule 60(b).

Furthermore, because Rule 60(b) is generally the exclusive means to assert claims for fraud on the court, and the one-year time limitation to assert that claim is not set aside lightly, an independent action under Rule 60(d) is "available only to prevent a grave miscarriage of justice." *Beggerly*, 524 U.S. at 47. These situations are rare. A "grave miscarriage of justice" is a "stringent" and "demanding" standard that is "available only in cases 'of unusual and exceptional circumstances." *Mitchell*, 651 F.3d at 595 (citations and quotations marks omitted). Independent actions under Rule 60(d) are "reserved for those cases of 'injustice which . . . are sufficiently gross to demand a departure' from rigid adherence to the doctrine of *res judicata*." *Beggerly*, 524 U.S. at 46 (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)).

The Sixth Circuit has provided guidance on when Rule 60(d)(1) can be invoked by listing "indisputable elements" that Plaintiff must meet:

> (1) a judgment which ought not, in equity and good conscience, to be enforced;
>
> (2) a good defense to the alleged cause of action on which the judgment is founded;
>
> (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense;
>
> (4) the absence of fault or negligence on the part of the defendant; and
>
> (5) the absence of any adequate remedy at law.

*Barrett*, 840 F.2d at 1263.

Although Plaintiff fails to meet any of the stringent criteria for an independent action under Rule 60(d), I do not need to go into each element separately because Plaintiff has an adequate remedy at law in both cases in the form of the appeals she filed in the Sixth Circuit. Those appeals are still pending. Rule 60(d)(1) is not applicable. This court is without subject matter jurisdiction to

6

grant relief from judgment in two cases pending before the Court of Appeals. This case is frivolous and must be dismissed.

Finally, Plaintiff's blatant attempt to circumvent Judge Carr's Orders by filing this action demonstrates that additional measures are required to curtail Plaintiff's vexatious filings. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, I have the "responsibility to prevent single litigants from unnecessarily encroaching on judicial machinery needed by others." *Id.* at 1074.

To achieve these ends, the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).

Plaintiff has established a pattern of filing documents in this court which are patently frivolous and vexatious, and which appear calculated to harass the Defendants and the court and to abuse the judicial process. Accordingly, Doniell Duncan is permanently enjoined from filing any new lawsuits or other documents in this court without first seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty Judge in accordance with the following:

   1.   She must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document she proposes to file, and she must attach a copy of this Order to it (any such Motion should be filed in a miscellaneous case).

   2.   As an exhibit to any Motion seeking such leave, she must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by her in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

   3.   By means of a second exhibit, she must identify and list: (a) the full caption of each and every suit which has been previously filed by her or on her behalf in any

court against each and every Defendant in any new suit she wishes to file, and (b) the full caption of each and every suit which she has currently pending.

4. As a third exhibit to the Motion, she must provide a copy of each Complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious, or harassing. If the motion is denied, the document shall not be filed. Further, Plaintiff's failure to comply with the terms of this Memorandum Opinion and Order shall be sufficient ground for this court to deny any motion for leave to file and may be considered an act of contempt for which she may be punished accordingly.

To prevent future harassment by Plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Doniell Duncan prior to her obtaining leave to file **shall not be filed** unless it is **specifically identified** as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this Memorandum Opinion and Order; 2) a copy of this Memorandum Opinion and Order ; and 3) the exhibits required by this Memorandum Opinion and Order.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Doniell Duncan files, unless and until leave to file is granted.

Finally, Plaintiff is enjoined from filing any additional documents in this case, including but not limited to any motion for reconsideration, motion to vacate, motion to alter or amend judgment or motion for relief from judgment. The Clerk's Office shall return any such document to Plaintiff unfiled.

## IV. CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude I lack subject matter jurisdiction to consider this matter. Therefore, this action is dismissed.[1] *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). I certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

Furthermore, Plaintiff is permanently enjoined from filing any new case in this court without first obtaining leave of court to file as set forth in this Memorandum Opinion and Order. She is also enjoined from filing additional documents in this case.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

---

[1] Because I have concluded it appropriate to dismiss Plaintiff's Complaint *sua sponte* for the reasons stated above, I decline consider Defendants' motion to dismiss and deny it as moot. (Doc. No. 3).